# LeBoeuf, Lamb, Greene & MacRae llp

NEW YORK
WASHINGTON, D.C.
ALBANY
BOSTON
CHICAGO
HARTFORD
HOUSTON
JACKSONVILLE
LOS ANGELES
PITTSBURGH
SAN FRANCISCO

125 WEST 55TH STREET
NEW YORK, NY 10019-5389
(212) 424-8000
FACSIMILE: (212) 424-8500

E-MAIL ADDRESS: AHOWARD@LLGM.COM
WRITER'S DIRECT DIAL: (212) 424-8549
WRITER'S DIRECT FAX: (212) 649-9408

LONDON
A MULTINATIONAL
PARTNERSHIP
PARIS
BRUSSELS
JOHANNESBURG
(PTY) LTD.
MOSCOW
RIYADH
AFFILIATED OFFICE
ALMATY
BEIJING

October 6, 2006

**BY ECF**
The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Linde, et al. v. Arab Bank, PLC, 04-2799 (NG) (VVP) and related cases*

Dear Magistrate Judge Pohorelsky:

      We represent Arab Bank, Plc ("Arab Bank") in the above-referenced actions. We write in response to letters from plaintiffs' counsel to Your Honor dated September 29, 2006 and October 4, 2006 respectively. These letters concern Arab Bank's advice, pursuant to the Court's direction, that it would undertake to pursue authorization to produce documents protected by foreign bank secrecy laws by means of letters rogatory and other inter-governmental requests. (*Linde* Dkt. No. 233, Sept. 22, 2006 Minute Entry, ¶ 2.)

      As a threshold matter, plaintiffs' letters are procedurally improper. Plaintiffs are asking this Court to reconsider its ruling providing Arab Bank an opportunity to pursue channels, in addition to those already pursued by the Bank, to obtain permission from judicial and regulatory authorities in Jordan, Lebanon and the Palestinian Authority for the disclosure of statutorily protected bank records. (Sept. 21, 2006 Tr. at 33:10-13.) Yet plaintiffs have failed to identify any "matters or controlling decisions" the Court has overlooked. Local Civil Rule 6.3. To the contrary, plaintiffs have cited materials provided by *Arab Bank* on the underlying motion to compel discovery and overrule Arab Bank's objections based on foreign bank secrecy laws (the "Bank Secrecy Motion").

      Indeed, plaintiffs' most recent arguments contradict their principal position on the pending Bank Secrecy Motion, and, Arab Bank respectfully submits, should factor into the

The Honorable Viktor V. Pohorelsky
October 6, 2006
Page 2

Court's ultimate decision on that motion whether Arab Bank should be compelled to produce documents protected by bank secrecy in the first place. In the context of the comity analysis central to the Bank Secrecy Motion, and specifically with respect to the competing government interests at stake, plaintiffs contended that the governments of Jordan and Lebanon (the Palestinian Authority has no recognizable interests according to plaintiffs) prioritize the prevention of terrorism over the interests of bank secrecy. Because Jordan and Lebanon are parties to certain international treaties providing for disclosure of bank records in criminal investigations of terrorists, plaintiffs claimed that "it is U.S. policy to require Jordan [and Lebanon] to waive bank secrecy" in civil ATA cases like the one at hand. (June 23, 2006 Expert Decl. of Jonathan M. Winer at 28-29.) The Court alluded to these treaties during the September 21, 2006 conference when discussing factors that favor production over preservation of bank secrecy. (Sept. 21, 2006 Tr. at 36:1-9.)

Now, however, perhaps emboldened by the Court's preliminary views on the issue, plaintiffs recognize, and even rely on, the official statements against disclosure of the relevant foreign governments. These official statements demonstrate "strong interest in bank secrecy" and are compelling evidence in favor of preserving bank secrecy. *Minpeco, S.A. v. Conticommodity Servs., Inc.*, 116 F.R.D. 517, 525 (S.D.N.Y. 1987). Defendant's position has been clear and consistent: bank secrecy is a strong sovereign interest in these countries and their strong interest in cooperating with other governments to prevent terrorism is irrelevant to plaintiff's civil suit for money damages. Nevertheless, defendant has and will continue to pursue all possible avenues for accommodating the policy of disclosure in this country while respecting the sovereign interests of countries where Arab Bank operates. Seeking government-to-government cooperation is a prudent way to seek such accommodation in the interests of comity.

Plaintiffs' specific arguments in support of their prediction that further efforts to obtain authorization for disclosure of documents covered by foreign bank secrecy laws will fail are incorrect. First and foremost, letters rogatory are entirely distinct from the unsuccessful judicial applications already made by Arab Bank in Jordan and the Palestinian Authority. The question presented on those prior applications was whether a discovery order of a U.S. court would qualify as a judicial exception to the foreign bank secrecy laws, which it does not. Letters rogatory, on the other hand, are requests for the foreign courts to issue their *own* orders of production, which would constitute a legal basis for production. (http://www.travel.state.gov/law/info/judicial/judicial_683.html.) Second, none of plaintiffs' arguments refutes the potential success of direct diplomatic communications from the U.S. Department of State. Third, plaintiffs' assertion that additional efforts to obtain authorization for disclosure of bank records in Lebanon are unnecessary given the prior permission of the Lebanese Special Investigation Commission is wrong: that permission covered one account only, and that is not authority for the release of records of any other account or evidence that the Commission will authorize the release of records of any other account. Arab Bank cannot of course predict the outcome of such requests, but plaintiffs' attempts to short circuit the process bespeaks a cynical attempt to manipulate the conflicts in legal systems to obtain an improper tactical advantage in this litigation.

Finally, the notion of this Court imposing a deadline, let alone a December 1, 2006 deadline, for the responses to letters rogatory and diplomatic overtures of foreign governments, over whom neither the Court nor Arab Bank has any influence or control, is entirely inappropriate. Indeed, the suggestion of a December 1 deadline for completion of an international process further evidences plaintiffs' attempt to subvert Arab Bank's good faith attempts to obtain disclosure in a legal manner. Plaintiffs' persistent suggestion that Arab Bank's conduct in this litigation has been dilatory – which this Court has repeatedly rejected – merits no response.

Respectfully submitted,

Alan B. Howard

cc: All counsel on attached service list by electronic mail

## SERVICE LIST

**BY ELECTRONIC DELIVERY:**

**IN *LITLE, ET AL. V. ARAB BANK, PLC*, CV 04-5449 & *BENNETT, ET AL. V. ARAB BANK, PLC*, CV 05-3183 & *ROTH, ET AL. V. ARAB BANK, PLC*, CV 05-3738 & *WEISS, ET. AL. V. ARAB BANK, PLC*, CV 06-1623 & *JESNER, ET. AL. V. ARAB BANK, PLC*, CV 06-3869**

**Liaison Counsel for *Litle, Bennett, Roth, Weiss, and Jesner* Plaintiffs:**
James P. Bonner, Esq (jbonner@lawssb.com)
SHALOV, STONE & BONNER LLP
485 Seventh Avenue
Suite 1000
New York, N.Y. 10018
Telephone: (212) 239-4340
Facsimile: (212) 239-4310

**Co-Counsel for *Litle, Bennett, Roth, Weiss, and Jesner* Plaintiffs:**
Mark S. Werbner, Esq. (mwerbner@swtriallaw.com)
SAYLES WERBNER
4400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
Telephone: (214) 939-8711
Facsimile: (214) 939-8787

**Co-Counsel for *Litle, Bennett, Roth, and Weiss* Plaintiffs:**
Richard D. Heideman, Esq. (rdheideman@hnklaw.com)
HEIDEMAN LEZELL NUDELMAN & KALIK, P.C.
1146 19th Street, NW
Fifth Floor
Washington, D.C. 20036
Telephone: (202) 462-8990
Facsimile: (202) 462-8995

Steven R. Perles, Esq. (sperles@perleslaw.com)
PERLES LAW FIRM, P.C.
1146 19th Street, NW
Washington DC 20036
Telephone: (202) 745-1300
Facsimile: (202) 745-1858

**Co-Counsel for *Jesner* Plaintiffs:**
Jonathan David, Esq. (jonathan@thedavidlawfirm.com)
THE DAVID LAW FIRM, P.C.
10655 Six Pines Drive
Suite 260
The Woodlands, TX 77380
Telephone: (281) 296-9090
Facsimile: (281) 296-9494

**IN *LINDE, ET AL. v. ARAB BANK, PLC*, CV 04-2799 & *COULTER, ET AL. v. ARAB BANK, PLC*, CV 05-365**

**Liaison Counsel for *Linde* Plaintiffs; Co-counsel for the *Coulter* Plaintiffs:**
Andrew D. Friedman, Esq. (afriedman@gbgfriedman.com)
GLANCY BINKOW & GOLDBERG LLP
430 Park Avenue, Suite 702
New York, New York 10022
Telephone: (212) 308-6300
Fax: (212) 308-6570

**Counsel for the *Coulter* Plaintiffs; Co-Counsel for *Linde* Plaintiffs:**
Gary M. Osen, Esq. (gmo@osen.us)
Peter Raven-Hansen (praven@law.gwu.edu)
Joshua D. Glatter (jdg@osen.us)
OSEN & ASSOCIATES, LLC
700 Kinderkamack Road
Oradell, NJ 07649
Telephone: (201) 265-6400
Facsimile: (201) 265-0303

Robert A. Swift, Esq. (rswift@kohnswift.com)
Steven M. Steingard, Esq. (ssteingard@kohnswift.com)
KOHN SWIFT & GRAF, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

**IN *ALMOG, ET AL. v. ARAB BANK, PLC*, CV 04-5564 & *AFRIAT-KURTZER, ET AL. V. ARAB BANK, PLC*, CV 05-388**

**Counsel for *Almog & Afriat-Kurtzer* Plaintiffs**
Ronald L. Motley, Esq. (rmotley@motleyrice.com)
John M. Eubanks, Esq. (jeubanks@motleyrice.com)
Michael Elsner, Esq. (melsner@motleyrice.com)
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

**Co-Counsel for *Almog* Plaintiffs**
Alan Gerson, Esq. (gerson@gilgintl.org)
ATTORNEY AT LAW
2131 S. Street
Washington, D.C. 20008
Telephone: (202) 966-8557

**Additional Counsel for *Almog* Plaintiffs**
Gregory P. Joseph, Esq. (gjoseph@josephnyc.com)
GREGORY P. JOSEPH LAW OFFICES LLC
805 Third Avenue
31st Floor
New York, NY 10022
Telephone: (212) 407-1200
Facsimile: (212) 407-1299