

## OSEN & ASSOCIATE, LLC

ATTORNEYS AT LAW
700 KINDERKAMACK ROAD, ORADELL, NEW JERSEY 07649
TELEPHONE 201.265.6400  FACSIMILE 201.265.0303
WWW.OSEN.US

October 11, 2006

**BY ECF**

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

<u>Re</u>:   <u>Linde v. Arab Bank, plc</u>, 04 CV 2799 (NG)(VVP), and related cases

Dear Magistrate Judge Pohorelsky:

We write on behalf of the Plaintiffs in the above-referenced cases to respond to the unfortunate misstatements contained in Defendant's letter dated October 6, 2006.

Defendant incorrectly characterizes Plaintiffs' prior letter of October 4, 2006, as "procedurally improper." Defendant's counsel supports this contention by blatantly mischaracterizing Plaintiffs' letter as some form of Motion for Reconsideration and Your Honor's statements at the last conference as a "ruling." Apart from the undeniable fact that Your Honor did not issue any order in connection with this matter which would be subject to reconsideration, as we understand it, the sum total of Your Honor's so-called "ruling" was a request that Defense counsel "report back … within a week …" on the question of whether their client would have an interest in pursuing letters rogatory (Tr.: 55). Moreover, Your Honor characterized the entire exercise as providing Defendant "a little opportunity to do that, if, [Defendant] want[s] to do it." (Tr.: 33) Your Honor's invitation to Defendant's counsel to apprise the Court as to Defendant's willingness to pursue letters rogatory has now been mysteriously transformed into a Court Order.

Moreover, Defendant's contention that Plaintiffs' concerns about the futility of letters rogatory in this context somehow contradicts their stated legal position on foreign bank secrecy is simply not plausible. Plaintiffs have never contested the *existence* of the foreign bank secrecy laws relied upon by the Defendant nor have the Plaintiffs denied that the governments in question have asserted their applicability. Plaintiffs *have* argued that those assertions are inconsistent with Jordan and Lebanon's stated obligations under binding international agreements. More importantly, Plaintiffs have demonstrated that U.S. law and *the clear U.S. interest in disclosure of the relevant records* are overwhelmingly more compelling than the privacy interests of Arab Bank's customers, which include Foreign Terrorist Organizations and

their charitable fronts, Specially Designated Global Terrorists, and the families of suicide bombers and members of Foreign Terrorist Organizations incarcerated in Israeli prisons. The fact that the Jordanian Central Bank has made clear the position of the Jordanian government that, notwithstanding its treaty obligations, it insists upon the application of Jordanian bank secrecy laws, clearly indicates the further futility of any effort to proceed in the fashion which Defendant has so readily embraced.

At the most recent status conference, Your Honor specifically spoke about the possible effectiveness of government-to-government communications, and Plaintiffs' October 4, 2006, letter merely pointed out that letters rogatory are actually issued *by this Court*. Defendant, in its most recent letter, counters that the letters rogatory process seeks a court order from a foreign court rather then recognition of a U.S. court order (as previously sought by the Defendant). It is hard to imagine that this is a distinction that would make a meaningful difference, particularly in the case of the Palestinian Authority,[1] whose bank secrecy law (according to the Defendant) provides for *no* exceptions from the Palestinian 'judicial process' apart from customer waiver.

It is certainly understandable from the Defendant's standpoint that the prospect of pursuing letters rogatory for the next year or two is a welcome reprieve from what Plaintiffs believe should be the inevitable procedural outcome in this matter. In view of the fact that the process normally takes a minimum of 6 months to a year simply for the *issuance* of letters rogatory, and can take literally years for a definitive result (however futile), Defendant's enthusiasm for this approach is understandable. It is no wonder that Defendant's counsel now seeks to transform Your Honor's inquiry into a definitive "Order" issued by this Court.

However, as Your Honor made clear at the status conference, the Court does not intend this process to go on for a year or longer (Tr.: 41). The Defendant has met its obligation to the Court by readily embracing the possibility of proffering letters rogatory. Defendant has not, however, offered any excuse for its failure to commence those discovery efforts in the two years since these actions were commenced. Thus, particularly in light of the inevitable outcome of the letters rogatory process in these circumstances, that process should not be permitted to further delay this litigation. In short, Defendant's long belated pursuit of discovery by means of what will undoubtedly be fruitless letters rogatory, should not be permitted to interfere with what Plaintiffs respectfully submit is the most efficient and effective approach in this instance: the Court should issue an Opinion and Order regarding the pending Bank Secrecy Motion as expeditiously as the Court's schedule permits.

In so doing, the Court will set in motion the process by which one party or the other will undoubtedly file objections under Rule 72 and the matter will be taken up by the District Court. The process of resolving the issue of foreign bank secrecy will therefore take several months under the most expedited set of circumstances. If Defendant wishes to pursue means of

---

[1] In fact, the U.S. Consulate in Jerusalem advises that Letters Rogatory directed towards the Palestinian Authority should be sent directly by the party and not through diplomatic channels because the U.S. government has "very little dealings" with the PA.

compliance with the Document Production Order by letters rogatory or by expediting its requests for consent from various bank customers, that is an effort which it can ultimately argue mitigates the sanctions (if any) ultimately levied by the Court. Plaintiffs respectfully submit however, that those efforts should not be permitted to suspend the adjudication of the bank secrecy issue or delay discovery for months and, perhaps, years to come.

Respectfully submitted,

Gary M. Oser

GMO/eb

cc: All Counsel